[No. C008806. Third Dist. Mar. 21, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
ROYCE EVERETT BROXSON, Defendant and Appellant.

**COUNSEL**

Joseph B. de Illy, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson, Laura I. Heidt, Clayton S. Tanaka and Janet G. Bangle, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—Defendant appeals from the judgment and sentence imposed following his conviction (by negotiated plea) of second degree burglary. (Pen. Code, §§ 459, 460.)

In the trial court, defendant made a motion to peremptorily disqualify the sentencing judge pursuant to Code of Civil Procedure section 170.6. (All further statutory references are to the Code of Civil Procedure.)[1] The trial court struck the disqualification motion on the ground it was untimely. Defendant sought no relief by way of writ from the denial of the disqualification. However, on appeal, defendant now contends the sentencing judge erroneously failed to disqualify himself.

---

[1] Section 170.6 provides in part: "(1) No judge . . . of any superior . . . court . . . shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge . . . is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding. [¶] (2) Any party to or any attorney appearing in any such action or proceeding may establish this prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge . . . before whom the action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of the party or attorney so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial or hearing before the judge, . . ."

Subdivision (d) of section 170.3 provides: "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought within 10 days of notice to the parties of the decision and only by the parties to the proceeding."

In *Woodman* v. *Superior Court* (1987) 196 Cal.App.3d 407 [241 Cal.Rptr. 818], the Second District concluded subdivision (d) of section 170.3 is inapplicable where a peremptory disqualification has been sought pursuant to section 170.6. (Pp. 413-415.)

*Woodman*'s analysis on this point was considered and rejected by the Fourth District in *Guedalia* v. *Superior Court* (1989) 211 Cal.App.3d 1156 [260 Cal.Rptr. 99] (review den.), where the court concluded "that section 170.3, subdivision (d) is the exclusive appellate remedy for any motions to disqualify a judge, including peremptory challenges pursuant to section 170.6." (P. 1163.) It would be redundant to set out *Guedalia*'s reasoning at length. Suffice it to say we think *Guedalia* has the better of the argument and we will follow it here.

Defendant's exclusive remedy for denial of his peremptory disqualification was to seek relief by way of petition for writ to this court within 10 days of notice to the parties of the decision. (§ 170.3, subd. (d); *Guedalia, supra*, 211 Cal.App.3d at p. 1163.) Defendant's sole claim of error is not cognizable on appeal.

The appeal is dismissed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 30, 1991.